# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION



LINCOLN LAMPLEY, ANTHONY FOX, DESMOND
BARNEY, ROY DICKERSON, WARREN HULL,
MICHAEL TARRIO, RAKASHA ADAMS, ALBERT
TAYLOR, ANTHONY THOMPSON, DARRYL
ROBINSON AND ENIKE SMITH             **PLAINTIFFS**

VS           CIVL ACTION NO. 3:19-cv-723-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI
AND CHIEF JAMES DAVIS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY          **DEFENDANTS**

## COMPLAINT
### (Jury Trial Demanded)

COME NOW, the Plaintiffs, Lincoln Lampley, Anthony Fox, Desmond Barney, Roy Dickerson, Warren Hull, Michael Tarrio, Rakasha Adams, Albert Taylor, Anthony Thompson, Darryl Robison, and Enike Smith by and through their respective counsel of record, and file this their Complaint against the City of Jackson, Mississippi, and in support thereof would show unto the Court the following, to-wit:

### I. PARTIES

1. The Plaintiffs are all adult resident citizens of the State of Mississippi. Each Plaintiff is either a current or former officer with the Jackson Police Department.

2. The Defendant, City of Jackson, Mississippi, is a municipal corporation which may be served through its Chief Executive Officer, City Clerk or other statutorily designated representatives.

3. The Defendant, Chief James Davis, is an adult resident citizen of the State of Mississippi who may be served wherever he may be found.

## II. INTRODUCTION

4. While engaged in law enforcement activities for the Jackson Police Department, each of the Plaintiffs became involved in some official capacity in a use of force incident. As a result, each of these Plaintiffs has been subjected to arbitrary, capricious, excessive and illegal disciplinary actions having no legitimate purpose and based on no established policy or procedure. Accordingly, these disciplinary actions violated each of the Plaintiffs' constitutional procedural and substantive due process rights.

5. "Use of force," in the context of law enforcement is generally defined as the "amount of effort required by police to compel compliance by an unwilling subject". The use of force is standardized by a use of force continuum which addresses the degree of force appropriate in a given situation.

6. Each successive level of force is meant to describe an escalating series of actions an officer may take to resolve a situation, and the level of force used rises only when a lower level of force would be ineffective in dealing with the situation. Typically, any style of a use of force continuum will start with officer presence, and end with the use of deadly force.

7. The actual policies established and how they are enforced impacts both officer and public safety.

8. At the direction of Chief Davis, the Jackson Police Department is currently operating in a manner that is contrary to its own general orders on use of force. The Defendants are doing so through unwritten and unapproved policies and directives which appear to be designed to discourage proactive law enforcement. This method of operating adversely affects public safety, as well as officer safety, and officer moral.

9. On information and belief, these unwritten policies are a substantial cause of current City of Jackson police patrol officer staffing being more than 40% understrength, a fact which again is a matter of public safety and officer safety.

10. The illegal and excessive discipline described herein is also being carried out by the Defendants in willful disregard of established Civil Service Rules and Orders.

11. As a result of these wrongful disciplinary actions, each of the Plaintiffs have sustained actual damages, losses and harms.

### III. VIOLATION OF CIVIL SERVICE RULES

12. Civil Service statutes were enacted to afford state and municipal employees with reasonable job security by protecting them from political considerations and partisanship.

13. Consistent with State statute, the City of Jackson established its Civil Service Commission (the "Commission") to provide "a functional, orderly, and uniform system of the administration of Civil Service on the basis of merit, efficiency, and fitness...." The Commission is also responsible for "establishing policies providing for transfers, reinstatements demotions, suspensions, removals and discharges of employees...."

14. The Commission has the authority to affirm any disciplinary action, or if it shall find that the disciplinary action was made for political reasons or was not made in good faith for cause, to order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which such person was removed, suspended, demoted, discharged or combination thereof.

15. Chief Davis, as the Chief law enforcement officer of the City of Jackson has control and supervision each of the Plaintiffs. He is responsible day to day decisions within his

department.

16. In this case, the Jackson Police Department at the direction of Chief James Davis, and/or others, willfully violated a Commission order respecting disciplinary action by refusing to timely return certain Plaintiffs to their regular full time duties.

17. Chief Davis has knowingly, willfully and intentionally refused to comply with the Civil Service Commission Order dated July 26, 2019, which is now a final order having not been appealed. In doing so he has personally participated in denying the Plaintiffs their constitutional rights. A copy of this Order is attached as Exhibit "A."

## IV. SECTION 1983 CLAIMS

18. Each of the Plaintiffs has a protected property interest in the terms and circumstances of their employment by virtue of the fact that they are employed under a civil service system. This guarantees due process while only allowing adverse employment actions to be undertaken for cause. These include, but are not limited to, the right to the police positions that they previously held, the right to work overtime, and the right to supplement their incomes by providing off duty law enforcement-security services to private businesses.

19. The Fourteenth Amendment prohibits any state from depriving "any person of life, liberty, or property, without due process of law." The Due Process Clause encompasses a guarantee of a fair procedure. In this case each Plaintiff has procedural due process claims against the Defendants because the Defendants failed to provide for notices and hearings before the deprivations at issue herein took place.

20. The deprivation of Plaintiffs' rights secured by the Fifth and Fourteenth Amendments to the United States Constitution was done under color of state law and contrary to

official policy, pursuant to 42 U.S.C. § 1983.

21. Plaintiffs are further entitled to injunctive relief prohibiting the Defendants from continuing to violate the Plaintiffs' due process rights and directing the Defendants to comply with all civil service rules and applicable law in the future.

22. The Fourteenth Amendment also protects property deprivations that arise from a "legitimate claim of entitlement" to the item or benefit in question. In this case the Plaintiffs each claim that they have been denied their entitlement to the full benefits of their positions as JPD officers. Each Plaintiff therefore has substantive due process claims because the Defendants have taken actions adversely affecting their protected property interests.

23. The deprivation of Plaintiffs' rights secured to them by the Fifth and Fourteenth Amendments to the United States Constitution was done under color of state law and contrary to official City of Jackson policy.

24. Each of the Plaintiffs is entitled to a declaration from the Court recognizing the foregoing violation of its right to substantive due process under the United States Constitution based on the wrongful employment actions described herein.

## V. DAMAGES

25. Each of these officers has suffered adverse effects and damages as a result of the wrongful actions described herein.

26. While improperly and indefinitely left on administrative leave, each of the Defendants has been denied his/her right to supplement their regular pay by working overtime.

27. While improperly and indefinitely left on administrative leave, the Defendants are not eligible for promotions or advancement testing.

28. Even when reassigned to a restricted duty status from administrative leave, the officers are unable to work overtime because overtime is generally only available to them when acting as patrol officers.

29. While on administrative leave the Defendants were also improperly denied their right to supplement their incomes by providing off duty security services to private businesses.

30. Until returned to their regular duty status, the ability of the officers to move to other law enforcement organizations is improperly being restrained.

31. Each of the officers has suffered compensable emotional distress because of the financial losses. Each of the officers has also suffered compensable emotional distress because of the uncertainty surrounding their employment status. Finally, each of the officers has suffered compensable reputational harm in the community and within JPD.

## **REQUESTS FOR RELIEF**

WHEREFORE, for all of the reasons set forth in the foregoing paragraphs, Plaintiffs file this Complaint for Declaratory Judgment and Injunctive Relief, and demand trial by jury, and in so doing request the following relief:

(i) Entry of a final declaratory judgment against Defendants adjudicating and declaring that the employment actions and discipline imposed are invalid, unlawful, and constitute violations of Plaintiffs' substantive due process rights, Plaintiffs' and procedural due process rights.

(ii) Entry of a final declaratory judgment against Defendants adjudicating and declaring that the Defendants have failed to follow the Rules and Orders of the Civil Service Commission.

(iii) Entry of an order preliminarily and permanently requiring the Defendants to fully comply with the Civil Service Commission Order dated July 26, 2019.

(iv) Entry of an order preliminarily and permanently enjoining and restraining Defendants from engaging in similar conduct in the future and immediately restoring each Plaintiff to the positions they previously held.

(v) Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988 and 3613(c)(2) for costs and fees incurred in bringing this action.

(vi) Awarding Plaintiffs actual, compensatory, consequential, and incidental damages, in the amount proven at trial, and for such other legal or equitable relief the Court deems appropriate to compensate Plaintiffs for their losses based on the foregoing claims, plus prejudgment and post judgment interest and all costs of court.

Respectfully submitted, this the 9th day of October, 2019.

Respectfully Submitted,

**PLAINTIFFS, ANTHONY FOX,
ROY DICKERSON, WARREN HULL,
RAKASHA ADAMS and DARRYL ROBINSON**

BY: _____
MICHAEL V. CORY, JR.

**PLAINTIFFS, DESMOND BARNEY
and ENIKE SMITH**

BY: _____
DALE DANKS, JR.

PLAINTIFFS, LINCOLN LAMPLEY,
MICHAEL TARRIO, ALBERT TAYLOR
and ANTHONY THOMPSON

BY: *[signature]*
FRANCIS S. STRINGER

OF COUNSEL:

Michael V. Cory, Jr. (MSB #9868)
mc@dmclaw.net
Dale Danks, Jr. (MSB #5789)
ddanks@dmclaw.net
DANKS MILLER & CORY
213 South Lamar Street
Jackson, Mississippi (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601.957.3101
Facsimile: 601.957.3160

Francis Starr Springer
MSB# 103974
Springer Law Office, PLLC
213 South Lamar Street
Jackson, Mississippi 39201
PO Box 1280
Madison, MS 39130-1280
Phone 601.605.5004
Fax 877.605.5004
springerlawoffice@gmail.com