

**DANKS MILLER & CORY**

Attorneys at Law

Mailing address:
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: (601) 957-3101

Physical Address:
213 South Lamar Street
Jackson, Mississippi 39201
Facsimile: (601) 957-3160

Michael V. Cory, Jr.
mc@dmclaw.net

June 19, 2019

Via email mwhite@city.jackson.ms.us
and fax 601-960-1187

Department of Personnel Management
1000 Metrocenter, Suite 102
Jackson MS 39209

> Re:     **COMPLAINT, REQUEST FOR INVESTIGATION,
> and REQUEST FOR HEARING
> Roy Dickerson, Anthony Fox and Rakasha Adams.**
> (Sent via facsimile and U.S. Mail)

To the Honorable Members of the Commission:

I represent Jackson Police Officers **Roy Dickerson, Anthony Fox and Rakasha Adams**. These officers are three of seven JPD officers who remain on some form of restricted duty status without adequate explanation or due process.

## I. EMPLOYMENT STATUS SUMMARY

(1) Roy Dickerson and (2) Warren Hull were both sent home on administrative leave with pay following a shooting on or around February 21, 2018. On or around March 22, 2018, Officer Dickerson was transferred from home to the evidence room. He was subsequently transferred to the City of Jackson Holding Facility. On or around July 20, 2018, Officer Hull was transferred from home to Background investigation. He was subsequently transferred to Evidence and Property and then to the City of Jackson Holding Facility. Neither of these officers was afforded any due process in connection with any of these transfers. Both of these officers remain in restricted status without adequate explanation, and neither has been given any time table for their return to regular duty.

(3) Anthony Fox, (4) Lincoln Lampley and (5) Desmond Barney were all sent home on administrative leave with pay following an investigatory stop on January 13, 2019. None of these three officers has been afforded any due process in connection with their transfer to administrative leave. Each of these officers remains in restricted status without adequate explanation, and none have been given any time table for their return to regular duty.



An Associa[...] [...]porations

(6) Rakasha Adams was sent home on administrative leave. She subsequently served a 90-day suspension without pay. Since completing that suspension, she has yet to be returned to regular duty. Instead she was transferred to the City of Jackson Holding Facility. She was not afforded any due process in connection with the transfer. She remains in restricted status without adequate explanation, and she has not been given any time table for her return to regular duty.

(7) Michael Tario. Officer Tario is believed to remain in a restricted status without adequate explanation, and he has not been given any time table for his return to regular duty.

## II. HARMS BEING SUFFERED

Each of these officers have suffered adverse effects and real harms as a result of being left in a restricted status. These include, but are not limited to:

1. They are not allowed to participate in law enforcement training.
2. They are not able to work in their chosen profession as a police officer.
3. They are not eligible for promotions or advancement testing.
4. Fox, Lampley and Barney are prohibited from getting overtime. Adams, Dickerson, Hull and Tario are allowed to work overtime, but there is none available in the jail.
5. They are prohibited from supplanting their incomes by providing off duty law enforcement services.
6. Their ability to move to other law enforcement organizations is hindered.
7. They have suffered emotional distress because of the resulting financial distress.
8. They have suffered emotional distress because of the uncertainty surrounding their employment status.
9. They have suffered general reputational harm both in the community and within JPD as a result of the restrictions.

## III. APPLICABLE CIVIL SERVICE RULES

### RULE I
### Section 3. Purpose and Effect
1.1 The purpose of the Commission is to provide a functional, orderly, and uniform system of the administration of Civil Service on the basis of merit, efficiency, and fitness... to establish conditions in the public service which will attract and retain officers and employees of character, capacity and ability; and to increase efficiency of the governmental departments by the improvement of the governmental departments by the improvement of methods of personal administration.

### RULE II
### Section 1. Duties and Responsibilities of the Commission
1.1 Pursuant to the Civil Service Acts, the Commission shall adopt, amend, and enforce a Code of Rules and Regulations governing... the following:

 C. Establishing policies providing for transfers, reinstatements demotions, suspensions, removals and discharges of employees....

 F. Conducting investigations on all matters touching the enforcement and effect of the provisions of this Act and the Rules and Regulations prescribed therein.

**RULE III**
**Section 1. Explanation**
V. "Suspension": The temporary removal of an employee from duty in the Classified Service without compensation for purposes of discipline.

**RULE VIII**
**Section 1. Reassignments**
1.1 Reassignments shall be restricted to those position changes of the same classification in the same department and same general character of work and are within the discretion of the department head.
**Section 2. Transfers, Promotions, and Reclassifications:**
1.1 Transfer occurs when an employee moves from one department to another upon request in writing of both appointing authorities concerning and with the approval of the Mayor and then this Commission.

**RULE XI**
**Section 1. General Provisions**
1.1 The Commission shall in its discretion conduct investigations on matters relative to the enforcement of the provisions of the Civil Service Acts and these Rules and Regulations.
1.2. The Commission shall investigate complaints presented in writing, and may upon its own motion, investigate complaints coming to its attention and may subpoena witnesses, administer oaths and conduct hearings.

The Mississippi Supreme Court has stated that the "Civil Service statutes were enacted to afford state and municipal employees with reasonable job security by protecting them from political considerations and partisanship." Chandler v. City of Jackson Civil Serv. Comm'n, 687 So. 2d 142, 145 (Miss. 1997).

## IV. REQUEST FOR RELIEF

It appears that the City/JPD has violated each of these Officer's procedural due process rights by leaving them in a restricted status without a hearing.

It also appears that the restrictions imposed by the City/JPD are a limitation of their legitimate property interest in their employment as police officers. I am not aware of City/JPD standards or guidelines which support the underlying transfers and restrictions under these circumstances. For these reasons it further appears that leaving these officers in a restricted status constitutes arbitrary and capricious action, and thus rises to the level of a substantive due process violation.

For all of these reasons, my clients request that the Commission:

1. Conduct a hearing and require that the City/JPD (1) explain the basis for its actions; (2) disclose and explain the specific criteria and policies it is following, and that the employment actions are based upon; (3) explain exactly what information is still needed, and why it is needed, and when it will be forthcoming; (4) explain why the process has taken so long, and identify the persons in the chain of command responsible for the ultimate

decision; and (5) explain any legitimate public policy concerns which they contend warranted leaving each of these officers in a prolonged restricted status.

2. Conduct its own investigation into: (1) the reasons that these officers have remained on restricted status for so long; (2) whether the same violates the Rules of this Commission; and (3) then to provide a written report with its findings.

3. Evaluate the need for additional rules governing indefinite transfers and restrictions, and then to the extent that it determines that the existing Rules do not provide a functional, orderly, and uniform Civil Service system, promulgate such Rules.

On behalf of Officers Roy Dickerson, Anthony Fox and Rakasha Adams, I further request an investigation and a hearing date and disclosure of all discoverable information such as reports, names of witnesses, witness statements, etc., to enable me to effectively represent their interests.

Because of the ongoing harm and the amount of time that has already passed, and in order to avoid the need to immediately raise the constitutional issues and seek immediate injunctive relief, I respectfully request that the Commission provide a response and plan for moving forward to address all of these issues within 30 days of the date of this letter.

Please forward all correspondence to me at the above address or by email at mc@dmclaw.net.

I look forward to hearing from you.

With Kind Regards,

DANKS, MILLER & CORY

MICHAEL V. CORY, JR

# DANKS MILLER CORY

Attorneys at Law

Mailing address:
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: (601) 957-3101

Physical Address:
213 South Lamar Street
Jackson, Mississippi 39201
Facsimile: (601) 957-3160

Dale Danks, Jr.
ddanks@dmclaw.net

June 19, 2019

Via email mwhite@city.jackson.ms.us
and fax 601-960-1187

Department of Personnel Management
1000 Metrocenter, Suite 102
Jackson MS 39209

Re:    **COMPLAINT, REQUEST FOR INVESTIGATION,
and REQUEST FOR HEARING
DESMOND BARNEY**
(Sent via facsimile and U.S. Mail)

To the Honorable Members of the Commission:

I represent Jackson Police Officer **Desmond Barney**. He is one of seven JPD officers who remain on some form of restricted duty status without adequate explanation or due process.

## I. EMPLOYMENT STATUS SUMMARY

(1) Roy Dickerson and (2) Warren Hull were both sent home on administrative leave with pay following a shooting on or around February 21, 2018. On or around March 22, 2108, Officer Dickerson was transferred from home to the evidence room. He was subsequently transferred to the City of Jackson Holding Facility. On or around July 20, 2018, Officer Hull was transferred from home to Background investigation. He was subsequently transferred to Evidence and Property and then to the City of Jackson Holding Facility. Neither of these officers was afforded any due process in connection with any of these transfers. Both of these officers remain in restricted status without adequate explanation, and neither has been given any time table for their return to regular duty.

(3) Anthony Fox, (4) Lincoln Lampley and (5) Desmond Barney were all sent home on administrative leave with pay following an investigatory stop on or about January 14, 2019. None of these three officers has been afforded any due process in connection with their transfer to administrative leave. Each of these officers remains in restricted status without adequate explanation, and neither has been given any time table for their return to regular duty.

---

An Association of Professional Corporations

(6) Rakasha Adams was sent home on administrative leave. She subsequently served a 90-day suspension without pay. Since completing that suspension, she has yet to be returned to regular duty. Instead she was transferred to the City of Jackson Holding Facility. She was not afforded any due process in connection with the transfer. She remains in restricted status without adequate explanation, and she has not been given any time table for her return to regular duty.

(7) Michael Tario. Officer Tario is believe to remain in a restricted status without adequate explanation, and he has not been given any time table for his return to regular duty.

## II. HARMS BEING SUFFERED

Each of these officers has suffered adverse effects and real harms as a result of being left in a restricted status. These include, but are not limited to:

1. They are not allowed to participate in law enforcement training.
2. They are not able to work in their chosen profession as a police officer.
3. They are not eligible for promotions or advancement testing.
4. Fox, Lampley and Barney are prohibited from getting overtime. Adams, Dickerson, Hull and Tario are allowed to work overtime, but there is none available in the jail.
5. They are prohibited from supplanting their incomes by providing off duty law enforcement services.
6. Their ability to move to other law enforcement organizations is hindered.
7. They have suffered emotional distress because of the resulting financial distress.
8. They have suffered emotional distress because of the uncertainty surrounding their employment status.
9. They have suffered general reputational harm both in the community and within JPD as a result of the restrictions.

## III. APPLICABLE CIVIL SERVICE RULES

### RULE I
### Section 3. Purpose and Effect
1.1 The purpose of the Commission is to provide a functional, orderly, and uniform system of the administration of Civil Service on the basis of merit, efficiency, and fitness... to establish conditions in the public service which will attract and retain officers and employees of character, capacity and ability; and to increase efficiency of the governmental departments by the improvement of the governmental departments by the improvement of methods of personal administration.

### RULE II
### Section 1. Duties and Responsibilities of the Commission
1.1 Pursuant to the Civil Service Acts, the Commission shall adopt, amend, and enforce a Code of Rules and Regulations governing... the following:
      C. Establishing policies providing for transfers, reinstatements demotions, suspensions, removals and discharges of employees....
      F. Conducting investigations on all matters touching the enforcement and effect of the provisions of this Act and the Rules and Regulations prescribed therein.

**RULE III**
**Section 1. Explanation**
V. "Suspension": The temporary removal of an employee from duty in the Classified Service without compensation for purposes of discipline.

**RULE VIII**
**Section 1. Reassignments**
1.1 Reassignments shall be restricted to those position changes of the same classification in the same department and same general character of work and are within the discretion of the department head.
**Section 2. Transfers, Promotions, and Reclassifications:**
1.1 Transfer occurs when an employee moves from one department to another upon request in writing of both appointing authorities concerning and with the approval of the Mayor and then this Commission.

**RULE XI**
**Section 1. General Provisions**
1.1 The Commission shall in its discretion conduct investigations on matters relative to the enforcement of the provisions of the Civil Service Acts and these Rules and Regulations.
1.2. The Commission shall investigate complaints presented to in in writing and may, upon its own motion, investigate complaints coming to its attention and may subpoena witnesses, administer oaths ad conduct hearings.

The Mississippi Supreme Court has stated that the "Civil Service statutes were enacted to afford state and municipal employees with reasonable job security by protecting them from political considerations and partisanship." Chandler v. City of Jackson Civil Serv. Comm'n, 687 So. 2d 142, 145 (Miss. 1997).

## IV. REQUEST FOR RELIEF

It appears that the City/JPD has violated each of these Officer's procedural due process rights by leaving them in a restricted status without a hearing.

It also appears that the restrictions imposed by the City/JPD are a limitation of their legitimate property interest in their employment as police officers. I am not aware of City/JPD standards or guidelines which support the underlying transfers and restrictions under these circumstances. For these reasons it further appears that leaving these officers in a restricted status constitutes arbitrary and capricious action, and thus rises to the level of a substantive due process violation.

For all of these reasons, my clients request that the Commission:

1. Conduct a hearing and require that the City/JPD (1) explain the basis for its actions; (2) disclose and explain the specific criteria and policies it is following, and that the employment actions are based upon; (3) explain exactly what it information is still needed, and why it is needed, and when it will be forthcoming; (4) explain why the

process has taken so long, and identify the persons in the chain of command responsible for the ultimate decision; and (5) explain any legitimate public policy concerns which they contend warranted leaving each of these officers in a prolonged restricted status.

2. Conduct its own investigation into: (1) the reasons that these officers have remained on restricted status for so long; (2) whether the same violates the Rules of this Commission; and (3) then to provide a written report with its findings.

3. Evaluate the need for additional rules governing indefinite transfers and restrictions, and then to the extent that it determines that the existing Rules do not provide a functional, orderly, and uniform Civil Service system, promulgate such Rules.

On behalf of Officer Hull, I further request an investigation and a hearing date and disclosure of all discoverable information such as reports, names of witnesses, witness statements, etc., to enable me to effectively represent their interests.

Because of the ongoing harm and the amount of time that has already passed, and in order to avoid the need to immediately raise the constitutional issues and seek immediate injunctive relief, I respectfully request that the Commission provide a response and plan for moving forward to address all of these issues within 30 days of the date of this letter.

Please forward all correspondence to me at the above address or by email at ddanks@dmclaw.net.

I look forward to hearing from you.

With Kind Regards,

DANKS, MILLER & CORY

DALE DANKS, JR

# *Springer Law Office PLLC*

## Francis S. Springer
### Attorney at Law

June 19, 2019

Civil Service Commission
City of Jackson, Mississippi
Department of Personnel Management
1000 Metrocenter, Suite 102
Jackson MS 39209

Re:    **COMPLAINT, REQUEST FOR INVESTIGATION,**
       **and REQUEST FOR HEARING**
       **Officer Lincoln Lampley**
       (Sent via Email to mwhite@city.jackson.ms.us and US Mail)

To the Honorable Members of the Commission:

I represent Lincoln Lampley of the Jackson Police Department. Officer Lampley is one of several JPD officers who remain on some form of restricted duty status without adequate explanation or due process.

## I. EMPLOYMENT STATUS SUMMARY

Lincoln Lampley, along with two other officers, Desmond Barney and Anthony Fox, was sent home on administrative leave with pay following an investigatory stop on or about January 13, 2019. None of these three officers has been afforded any due process in connection with their transfer to administrative leave. Each of these officers remains in restricted status without adequate explanation, and neither has been given any timetable for their return to regular duty.

## II. HARMS BEING SUFFERED

Officer Lampley has suffered adverse effects and real harms as a result of being left in a restricted status. These include, but are not limited to:

1. He is not allowed to participate in law enforcement training.
2. He is not able to work in their chosen profession as a police officer.
3. He is not eligible for promotions or advancement testing.

601-605-5004 office
877-605-5004 fax

PO Box 1280
Madison, MS 39130-1280

springerlawoffice@gmail.com
www.springerlawoffice.com

4.  He is prohibited from getting overtime. Adams, Dickerson, Hull and Tario are allowed to work overtime, but there is none available in the jail.
5.  He is prohibited from supplanting his income by being prohibited from working off duty part-time employment requiring enforcement status.
6.  His ability to move to other law enforcement organizations is hindered.
7.  He has suffered emotional distress because of the resulting financial distress.
8.  He has suffered emotional distress because of the uncertainty surrounding their employment status.
9.  He has suffered general reputational harm both in the community and within JPD as a result of the restrictions.

## III. APPLICABLE CIVIL SERVICE RULES

### RULE I
### Section 3. Purpose and Effect
1.1 The purpose of the Commission is to provide a functional, orderly, and uniform system of the administration of Civil Service on the basis of merit, efficiency, and fitness... to establish conditions in the public service which will attract and retain officers and employees of character, capacity and ability; and to increase efficiency of the governmental departments by the improvement of the governmental departments by the improvement of methods of personal administration.

### RULE II
### Section 1. Duties and Responsibilities of the Commission
1.1 Pursuant to the Civil Service Acts, the Commission shall adopt, amend, and enforce a Code of Rules and Regulations governing... the following:

C. Establishing policies providing for transfers, reinstatements demotions, suspensions, removals and discharges of employees....

F. Conducting investigations on all matters touching the enforcement and effect of the provisions of this Act and the Rules and Regulations prescribed therein.

### RULE III
### Section 1. Explanation
V. "Suspension": The temporary removal of an employee from duty in the Classified Service without compensation for purposes of discipline.

### RULE VIII
### Section 1. Reassignments
1.1 Reassignments shall be restricted to those position changes of the same classification in the same department and same general character of work and are within the discretion of the department head.
### Section 2. Transfers, Promotions, and Reclassifications:
1.1 Transfer occurs when an employee moves from one department to another upon request in writing of both appointing authorities concerning and with the approval of the Mayor and then this Commission.

**RULE XI**
**Section 1. General Provisions**

      1.1 The Commission shall in its discretion conduct investigations on matters relative to the enforcement of the provisions of the Civil Service Acts and these Rules and Regulations.

      1.2. The Commission shall investigate complaints presented to in in writing and may, upon its own motion, investigate complaints coming to its attention and may subpoena witnesses, administer oaths ad conduct hearings.

The Mississippi Supreme Court has stated that the "Civil Service statutes were enacted to afford state and municipal employees with reasonable job security by protecting them from political considerations and partisanship." <u>Chandler v. City of Jackson Civil Serv. Comm'n</u>, 687 So. 2d 142, 145 (Miss. 1997).

## IV. REQUEST FOR RELIEF

It appears that the City/JPD has violated Officer Lampley's procedural due process rights by leaving him in a restricted status without a hearing.

It also appears that the restrictions imposed by the City/JPD are limitations on his legitimate property interest in his employment as a police officer. I am not aware of City/JPD standards or guidelines which support the underlying transfers and restrictions under these circumstances. For these reasons it further appears that leaving Officer Lampley in a restricted status constitutes an arbitrary and capricious action, and thus rises to the level of a substantive due process violation.

For all of these reasons, Officer Lampley request that the Commission:

1. Conduct a hearing and require that the City/JPD (1) explain the basis for its actions; (2) disclose and explain the specific criteria and policies it is following, and that the employment actions are based upon; (3) if involving an investigation, explaining exactly what information is still needed, why it is needed, and when it will be forthcoming; (4) explain why the process has taken so long, and identify the persons in the chain of command responsible for the ultimate decision; and (5) explain any legitimate public policy concerns which they contend warranted leaving him in a prolonged restricted status.

2. Conduct its own investigation into: (1) the reason(s) that he has been forced to remain on restricted status for so long; (2) whether the reason(s) violates the Rules of this Commission; and (3) then to provide a written report with its findings.

3. Evaluate the need for additional rules governing indefinite transfers and restrictions, and then to the extent that it determines that the existing Rules do not provide a functional, orderly, and uniform Civil Service system, promulgate such Rules.

On behalf of Officer Lampley, I further request an investigation, a hearing date, and disclosure of all discoverable information such as reports, names of witnesses, witness statements, etc., to enable me to effectively represent their interests.

Because of the ongoing harm and the amount of time that has already passed, and in order to avoid the need to immediately raise the constitutional issues and seek immediate injunctive relief. I respectfully request that the Commission provide a response and plan for moving forward to address all of these issues within 30 days of the date of this letter.

Please forward all correspondence to me at the above address or by email at springerlawoffice@gmail.com.

I look forward to hearing from you.

Thank you,

Francis S. Springer
Attorney for Officer Lincoln Lampley