UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY THOMPSON AND                                                           PLAINTIFFS
DARRYL ROBINSON

V.                                       CIVIL ACTION NO.  3:19-CV-723-KHJ-FKB

CITY OF JACKSON, MISSISSIPPI
AND CHIEF JAMES DAVIS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY                                          DEFENDANTS

ORDER

This matter is before the Court following supplemental briefing on the Motion for Summary Judgment [106] filed by Defendants City of Jackson, Mississippi, and Chief of Police James Davis, in his individual and official capacity (collectively, "Defendants"). Defendants have renewed their Motion for Summary Judgment [117], and the remaining plaintiffs have filed their supplemental briefs in response. For the reasons below, the Court denies Defendants' Motion for Summary Judgment, abstains from judgment, and stays the case.

I.     Facts and Procedural History

Plaintiffs Anthony Thompson and Darryl Robinson (collectively "Officers") worked for the City of Jackson Police Department ("JPD"). Memo in Resp. to Renewed Mot. for Summ. J. [120] at 2. On February 14th, 2019, both Thompson and Robinson participated in a psychiatric call that ultimately led to a civilian death. Memo in Resp. to Mot. for Summ. J. [113] at 11. Neither of the Officers formally

reported the incident to JPD until after public outcry. Depo. of Chief Davis [119-3] at 10–14.[1] JPD policy required the Officers to file reports following use-of-force incidents and police injuries. *Id.* at 11.

Chief Davis and JPD placed the Officers on administrative leave during an internal investigation. Depo. of Thompson [112-7] at 5. The internal affairs investigation concluded the Officers committed no wrongdoing in using force during the arrest. [120] at 2; [113] at 11. During the investigation, the Officers did not give an adequate reason for failing to report. Reply Memo [122] at 5; [119-3] at 18–19, 22. It is unclear whether late filing is a tolerated practice at JPD. *See* [119-3] at 22; [112-7] at 7. On March 5th, the Officers discovered JPD permanently terminated their employment without pay while watching the local news. [112-7] at 6; Depo. of Robinson [112-8] at 2. The next day, the Officers received their termination letters for failure to timely report the incident. [112-7] at 4, 6; [112-8] at 2. No formal pre-termination hearing occurred. [112-7] at 6.

In mid-April, the Officers received a post-deprivation hearing. [112-8] at 2–3.[2] After the hearing, the Officers requested review with the Civil Service Commission. *Id.* at 3. The Commission heard both Officers' cases on October 10, 2019. Thompson Comm'n Order [117-1]; Robinson Comm'n Order [117-6]. On October 31st, the Commission modified the disciplinary action taken against Thompson and Robinson to only a 45-day suspension without pay. [117-1]; [117-6]. The Order awarded

---

[1] The Court uses page numbering assigned by CM/ECF.
[2] It is unclear from the record whether JPD afforded Thompson a post-deprivation hearing. Given that neither officer challenges their post-deprivation due process procedures, the Court presumes such a hearing occurred.

roughly six-and-a-half months backpay to the Officers and immediate reinstatement. *See* [117-1]; [117-6]. Pursuant to Mississippi Code Annotated § 21-31-23, the City of Jackson timely appealed the Commission's decisions to the Hinds County Circuit Court. Not. of Appeal, Thompson [117-2]; Not. of Appeal, Robinson [117-7]. It was not until December 2020 that the Circuit Court issued its decision, remanding the case for further consideration and fact-finding. *See* [117-5]; [117-9]. The Commission has since not acted on the Officers' cases.

The Officers filed suit in October 2019, joining nine other plaintiff police officers in suing under 42 U.S.C. § 1983 for violating their Fourteenth Amendment Due Process rights. [1] ¶¶ 18–24. Thompson, Robinson, and the other officers sought declaratory judgment, damages, and an injunction to remedy the deprivations of their "terms and circumstances of employment." *Id.* at 4, 6–7. On October 8, 2021, this Court granted partial summary judgment for Defendants and dismissed all claims seeking remedy for deprivations of certain employment benefits. October 8th Order [116] at 16–17. Because Thompson and Robinson produced evidence of a property interest in backpay, the Court did not dismiss their claims and ordered supplemental briefing on the issue. *Id.*

Defendants now re-urge their summary judgment motion, arguing that the Civil Service Commission Orders were invalid and inefficacious due to their failure to state specific findings of fact and the Circuit Court's subsequent remand. Memo. in Supp. of Mot. for Summ. J. [118] at 2–3. The Officers claim they are entitled to backpay because of both the Commission Orders and JPD's denial of a

3

pretermination hearing. [120] at 7–11.[3] Defendants reply that a pretermination hearing is not always necessary and posit that the Internal Affairs investigation satisfied due process. [122] at 4–5.

II. Standard

When considering a motion under Federal Rule of Civil Procedure 56, the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the applicable substantive law, 'its resolution could affect the outcome of the action.'" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). "An issue is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). Once the movant meets this requirement, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Id.* (quoting *Miss. River Basin All. v. Westphal*, 230 F.3d 170, 174

---

[3] To the extent that the Officers reassert the same arguments against deprivations of the various interests mentioned in the October 8th Order, the Court declines reconsideration of the matter.

4

(5th Cir. 2000). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013). The Court should grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 560 (5th Cir. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

   III.   Analysis

The Officers claim that Defendants deprived them of their property interest in backpay without due process of law. [1] ¶ 18; [120] at 7–11. They assert a claim under § 1983 for damages and seek declaratory judgment, arguing that both the denial of Commission-ordered backpay and a pre-termination hearing violate the Fourteenth Amendment. [120] at 7–11. Because the effect and legal status of the Commission order is unclear, the Court abstains from deciding summary judgment and stays the case.

While the decision to abstain is largely discretionary, *Pullman* abstention is appropriate where a case involves "(1) a federal constitutional challenge to state action, and (2) an unclear issue of state law that, if resolved, would make it unnecessary . . . to rule on the federal question." *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.*, 283 F.3d 650, 653 (5th Cir. 2002). In dispute here is a federal due process claim, challenging the temporary termination of two police officers. What would otherwise be a straightforward claim is clouded by the

5

October 31st Commission Order. Its efficacy is instrumental in determining whether there is basis for a claim built off the City's noncompliance with the Order, and to what extent post-termination process cured the Officers' alleged initial denial of pretermination due process or mitigated its damages.[4]

The effect and legal status of the October 31st Commission Order is unclear. Under Mississippi law, Civil Service Commissions must set forth findings of fact sufficient to support their conclusions with "clarity and specificity." *Bowie v. City of Jackson Police Dep't,* 816 So. 2d 1012, 1018 (Miss. 2002); Miss. Code Ann. § 21-31-23. That was why the Hinds County Circuit Court remanded the case to the Commission. *See* [117-5]; [117-9]. Both Parties offer interpretations of the Circuit Court's order that are plausible under Mississippi law.

First, the efficacy of the Commission's Order without findings of fact is contestable. On one hand, the relevant statute's literal text does not *condition* the Commission's authority to affirm or "modify the order[s] of removal, suspension, demotion, discharge, [etc.]" on the delivery of clear and specific written findings to the "appointing power." *See* Miss. Code Ann. § 21-31-23. But Defendants assert failure to comply with case law requirements invalidates the Order. As Defendants

---

[4] Even if pre-termination due process is denied, post-termination procedures can cure the injury. *See Thompson v. Bass*, 616 F.2d 1259, 1266 (5th Cir. 1980) (citing *Glenn v. Newman*, 614 F.2d 467, 472 (5th Cir. 1980)) (adequate post-termination proceedings can cure constitutionally inadequate pre-termination procedures). In that event, the plaintiff is only entitled to damages accruing during the period between termination and the remedial post-deprivation hearing. *See Shearer v. Bowen*, No. 98-30357, 2000 WL 729334, at *7 (5th Cir. May 18, 2000) (citing *Glenn*, 614 F.2d at 473). Despite possible denial of pre-termination due process, neither party argues that procedures following the Officers' termination were inadequate, and Robinson testifies to a post-termination hearing affirming termination in mid-April. *See* [112-8] at 2–3.

6

point out, the Mississippi Supreme Court and the Mississippi Court of Appeals consistently remand cases to the Commission to comply with the statute's requirements. *See, e.g.*, *Roberts v. City of Jackson*, 324 So. 3d 282, 286 (Miss. 2021); *Banks v. City of Jackson*, 295 So. 3d 571, 573 (Miss. 2020). Yet these cases emphasize that remand is due, at least in part, to the inability to conduct judicial review of the Commission's decisions. *Roberts*, 324 So. 3d at 286. Thus, there is no certainty as to whether the initial Order is in effect and remedied any due process violations.

Second, it is unclear whether the Circuit Court's remand vacated or stayed the October 31st Order. The text of the Orders for both plaintiffs merely states, "IT IS THEREFORE ORDERED that this case is remanded to the City of Jackson Civil Service Commission for further consideration . . . ." [117-5]; [117-9]. These Circuit Court Orders do not purport to vacate or stay the Commission's decisions. Further, Mississippi Code § 21-31-23 provides, "Any appeal of the judgment or order of the commission shall not act as a supersedeas of such judgment or order, but the judgment or order shall remain in effect pending a final determination of the matter on appeal." It is not readily apparent that this remand is a final determination of the matter.

The parties still contest the status of the October 31st Order. As discussed above, the dispute involves unclear issues of Mississippi state law which are more fit for resolution by the state judiciary. The Court further acknowledges that, subject to the supremacy clause, the effect of both state judicial decrees and quasi-

7

judicial Commission Orders are delicate issues especially reserved to the state and its courts. *Cf. Duffy & McGovern Accom. Servs. v. QCI Marine Offshore, Inc.,* 448 F.3d 825, 828–29 (5th Cir. 2006) (preclusive effect of state court decisions determined by state law). Should a state court accept a view that the Order is in force, such ruling would dispose of or alter the federal constitutional questions in this case. *See Moore v. Hosemann,* 591 F.3d 741, 745 (5th Cir. 2009) (citing *Baran v. Port of Beaumont Nav. Dist.*, 57 F.3d 436, 442 (5th Cir. 1995)). So *Pullman* abstention is proper, and the Court will stay the case. *See Personhood Mississippi v. Hood*, No. 3:10-CV-71-DPJ-FKB, 2010 WL 538302, at *6 (S.D. Miss. Feb. 9, 2010).

IV. Conclusion

The Court has considered all the arguments set forth by the parties. For the reasons above, the Court abstains and DENIES Defendants' Motion for Summary Judgment [106], [117]. As the Court has decided to abstain, this case is stayed until the parties move to lift the stay, conveying that the Mississippi Courts have resolved the state law issue or showing other cause for lifting the stay. At such time, the Defendants may re-urge their motion for summary judgment.

SO ORDERED this the 17th day of May, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
